UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO. 8:23-cv-77

REBECCA POLIZZI A/K/A
REBECCA SUMMERS,

    Plaintiff,

v.

KASS SHULER, P.A.,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES
### JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant sent letters into this District and sued in this District.

### PARTIES

3.    Plaintiff, REBECCA POLIZZI A/K/A REBECCA SUMMERS ("POLIZZI"), is a natural person, and citizen of the State of Florida, residing in Sarasota County, Florida.

4.    Defendant, KASS SHULER, P.A. ("KASS"), is a professional association organized under the laws of the State of Florida. Its principal place of business is at 1505 N. Florida Ave., Tampa, FL 33602.

5. Kass is registered with the Florida Department of State Division of Corporations as a professional association. Its registered agent for service of process is Michael Kass, 1505 N. Florida Ave., Tampa, FL 33602.

6. Kass regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7. Kass regularly collects or attempts to collect debts due to other parties.

8. Kass has filed more than 100 lawsuits in Hillsborough County, Florida in the last year.

9. Defendant is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

10. Defendant sought to collect from Plaintiff an alleged debt for a deficiency judgment on a mortgage foreclosure on a primary residence ("the debt").

11. The debt was incurred for personal, household, or family purpose.

12. Plaintiff was sued for a foreclosure action. Defendant, on behalf of Suncoast Credit Union sought a deficiency judgment against Plaintiff.

13. On January 9, 2019, Kass, on behalf of Suncoast Credit Union ("Suncoast"), obtained a Final Deficiency Judgment against Polizzi ("Judgment"). The total amount of the Judgment was for $12,116.69 and was to accrue interest at the Florida statutory judgment rate. The Judgment did not award costs or attorney's fees. A copy of the Final Deficiency Judgment is attached as Exhibit "A."

14. Kass, on behalf of Suncoast, filed two separate Continuing Writs of Garnishment and obtained two Final Orders of Continuing Garnishment. Neither order awarded costs. A copy of the Final Orders of Continuing Garnishment is attached as Composite Exhibit "B."

15. Defendant, on August 18, 2022, in response to a request for a breakdown of the total amount owed by Polizzi, emailed Plaintiff's legal counsel and stated that the total was $14,884.11, which included $392.00 in costs in the total amount owed. A copy of the email is attached as Exhibit "C."

16. Upon information and belief, the costs are made up of court costs, attorney's fees, or both.

17. At no time was Suncoast awarded attorney's fees or costs in the underlying state court deficiency action.

18. Kass misrepresented the true amount owed by Plaintiff by including almost $400 in costs, attorney's fees, or both.

19. Defendant's actions caused Plaintiff to incur actual damages including attorney's fees, lost time, and emotional pain and suffering.

## COUNT I – ATTEMPTING TO COLLECT AN IMPROPER DEBT IN VIOLATION OF 15 U.S.C §1692e(2)(a)

20. Plaintiff incorporates Paragraphs 1 through 19.

21. Defendant attempted to collect a debt that was greater than what was actually owed in violation of 15 U.S.C. §1692e(2)(a).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Statutory and actual damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II – ATTEMPTING TO COLLECT AN IMPROPER DEBT IN VIOLATION OF 15 U.S.C §1692f(1)

22. Plaintiff incorporates Paragraphs 1 through 19.

23. Defendant attempted to collect a debt that was greater than what was actually owed in violation of 15 U.S.C. §1692f(1).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Statutory and actual damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

### COUNT III –ATTEMPTING TO COLLECT AN IMPROPER DEBT IN VIOLATION OF FLA. STAT. §559.72(9)

24. Plaintiff incorporates Paragraphs 1 through 19.

25. Defendant attempted to collect a debt that was greater than what was actually owed in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Statutory and actual damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

                                                         Debt Shield Law
                                                         3440 Hollywood Blvd., Suite 415
                                                         Hollywood, FL 33021
                                                         Tel:   754-800-5299
                                                         Fax:   305-503-9457
                                                         service@debtshieldlaw.com
                                                         joel@debtshieldlaw.com
                                                         dayami@debtshieldlaw.com

                                                         */s/ Joel D. Lucoff*
                                                         Joel D. Lucoff
                                                         Fla. Bar No. 192163